**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| JOVICA PILIPOVIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18 cv 50185 |
| | ) | |
| PILOT TRAVEL CENTERS LLC, | ) | |
| | ) | |
| | ) | **Jury Trial Requested** |
| Defendant. | ) | |

## COMPLAINT

NOW COMES Plaintiff, JOVICA PILIPOVIC ("Plaintiff") by and through his undersigned attorneys, and for his Complaint against Defendant, PILOT TRAVEL CENTERS LLC ("Defendant"), states as follows:

### NATURE OF ACTION

1.     Plaintiff brings this negligence and premises liability action to redress various careless and negligent actions and inactions of Defendant, the largest operator of travel centers and travel plazas for drivers in the United States, and to address the damages suffered by Plaintiff as a result thereof. In short, after Plaintiff paid Defendant to take a shower at one of its facilities, Defendant carelessly and negligently failed to give Plaintiff a safety shower mat – in violation of its own policies and practices – which resulted in Plaintiff slipping in the shower at Defendant's facility and Plaintiff having to endure a tremendous amount of pain, suffering, and injuries, all of which continue to this day.

## JURISDICTION AND VENUE

2.      This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000. Moreover, Defendant has significant contacts with this district by virtue of the fact that it does business within this judicial district.

3.      Venue lies in the Northern District of Illinois because Defendant is engaged in business in this District and because the events giving rise to the claims alleged in this Complaint occurred in this District.

## PARTIES

4.      Plaintiff, Jovica Pilipovic, is a resident and citizen of Multnomah County, Oregon.

5.      Defendant Pilot Travel Centers, LLC, is a Delaware limited liability company whose six members are citizens of Tennessee, making it a citizen of the state of Tennessee for diversity purposes.

## FACTUAL ALLEGATIONS

6.      On and before August 21, 2017, Defendant was (and still is) conducting and engaging in business in Winnebago County, Illinois and owned, controlled, operated, and/or maintained (or had a duty to maintain), both individually and by and through its agents, servants, and/or employees, that certain premises at issue in this case: The Pilot Flying J Store 646, which is located at 16049 Willowbrook Road, South Beloit, Winnebago County, Illinois 61080 (hereinafter "premises").

7.      On or about August 21, 2017 (the "Injury Date"), Plaintiff was lawfully walking upon and using the shower facilities at Defendant's premises.

2

8.     When Plaintiff was walking upon and using the shower facilities at Defendant's premises on the Injury Date, Plaintiff followed Defendant's procedures, ordered a shower facility, and was assigned shower facility number 12 ("Shower 12") at the premises.

9.     On the Injury Date, when Plaintiff arrived at Shower 12, he entered the code and gained access to the Shower 12. There, in Shower 12, Plaintiff found a full-size bath towel and small washcloth. There was no safety shower mat.

10.     On the Injury Date, Shower 12 had a floor of tile with no permanent floor mats of any kind – rubber or otherwise.

11.     On the Injury Date, Plaintiff took his shower and, when he was exiting the shower stall, stepped over the lip of the shower, walked a pace or two, began sliding, and then fell backwards on the surface. There was no safety shower mat to protect against such a slip.

12.     On the Injury Date, Plaintiff attempted to brace his fall with his right arm and fractured his wrist attempting to soften his fall.

13.     On and before the Injury Date, Defendant's practice was to provide safety shower mats to its shower patrons in Shower 12 and other showers.

14.     Despite Defendant's policy and practice to provide safety shower mats to all its shower patrons (including those in Shower 12), Defendant failed to give Plaintiff a safety shower mat at the premises on August 21, 2017 and failed to place a shower mat in Shower 12 before sending Plaintiff into Shower 12 to shower.

## COUNT I – NEGLIGENCE

15.     Plaintiff restates and incorporates by reference all the above paragraphs as if they were fully set forth herein.

16.    *Duty.* At all times relevant, it was the duty of Defendant, individually and by and through its agents, servants, and/or employees, to exercise reasonable care with respect to the area of its showers, like Shower 12 where Plaintiff slipped at the premises, including but not limited to providing a safety shower mat for its patrons, like Plaintiff.

17.    *Breach.* Defendant, by and through its agents, servants, and/or employees, breached that duty when it failed to exercise such reasonable case, including, among other ways, the following careless and negligent acts or omissions:

a.    Failing to provide Plaintiff with a safety shower mat before sending Plaintiff into Shower 12 for a shower;

b.    Failing to place or apply (or direct the placement or application of) a safety shower mat to the floor area where Plaintiff slipped and fell;

c.    Failing to properly instruct its agents, servants and/or employees to place or apply a safety shower mat to the floor area where Plaintiff slipped and fell;

d.    Failing to ensure that a safety shower mat was properly placed or applied to the floor area where Plaintiff slipped and fell;

e.    Failing to properly instruct its agents, servants and/or employees to provide Plaintiff with safety shower mat to place in the floor area where Plaintiff slipped and fell;

f.    Failing to supervise its agents, servants and/or employees to ensure that they provided Plaintiff with safety shower mat to place in the floor area where Plaintiff slipped and fell;

g.    Failed to provide a sufficient warning of the said dangerous condition to Plaintiff; and

4

h.     Engaged in conduct that was otherwise careless and negligent.

18.     *Causation.* The above-mentioned unsafe and/or dangerous conditions created by Defendant caused Plaintiff to fall and be injured when Plaintiff stepped on the tiled floor in Shower 12.

19.     *Damages.* As a direct and proximate result of one or more of the foregoing breaches of Defendant's duty of care, Plaintiff sustained severe and permanent injuries; Plaintiff was required to seek extensive medical and surgical consultations and treatments; Plaintiff suffered, and will continue to suffer, great pain, anguish, and physical and mental suffering; Plaintiff has expended, and will in the future expend, great sums of money in attempts to be healed and cured of his injuries; Plaintiff has lost income and economic benefits and will continue to do so in the future; and Plaintiff has suffered and will continue to suffer other economic damages.

WHEREFORE, Plaintiff, JOVICIA PILIPOVIC, prays for judgment against Defendant, PILOT TRAVEL CENTERS LLC, a foreign corporation, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate him for his injuries, losses, and damages as hereinabove alleged.

## COUNT II – PREMISES LIABILITY

20.     Plaintiff restates and incorporates by reference all the above paragraphs as if they were fully set forth herein.

21.     At the premises on the Injury Date, Defendant, by and through its agents, servants, and/or employees had a duty to exercise reasonable care in the maintenance of the premises generally and regarding the state of the premises or acts done or omitted on them in Shower 12 specifically.

22.     At the premises on the Injury Date, notwithstanding said duty, Defendant, by and by and through its agents, servants, and/or employees, negligently allowed and/or caused an unnatural accumulation of water to exist on the floor of Shower 12 of the premises on bathroom tile that was composed of tile which, when made wet and soapy by a patron's feet exiting the shower, caused the surface to be dangerously and unreasonably slippery, such that the water without the safety shower mat became an unreasonably dangerous condition. Defendant knew or through the exercise of reasonable care should have known of such unreasonably dangerous condition in the maintenance of the premises.

23.     The above mentioned unsafe and/or dangerous condition caused Plaintiff to fall and be injured.

24.     At all relevant times herein, Plaintiff exercised proper and ordinary care for his own safety, health, and well-being.

25.     At the premises on the Injury Date, Defendant, by and through its agents, servants, and/or employees, acted with less than reasonable care and caution and was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

a.     Failed to adequately supervise the premises to ensure that proper safety precautions were followed, including with respect to Shower 12;

b.     Maintained a public area that was unreasonably slippery, unsafe to walk upon, and otherwise presented an unreasonable danger to the health and safety of Plaintiff, and others lawfully on said premises, including with respect to Shower 12;

c.     Failed to warn Plaintiff (and others lawfully on said premises) of the dangerous and slippery condition when it knew or should have known, in

6

the exercise of ordinary care, that said warning was necessary to prevent injury to Plaintiff as a result of unsafe conditions, including with respect to the conditions referenced herein concerning Shower 12;

d.    Failed to adequately inspect the premises, including Shower 12, to ensure that it was safe at the relevant times addressed herein;

e.    Failed to provide a warning sign when Defendant knew or reasonably should have known that the aforementioned conditions created an unreasonable risk of harm to persons lawfully walking on said premises, including with respect to Shower 12; and

f.    Was otherwise careless and negligent, including with respect to Shower 12.

26.    As a direct and proximate result of one or more of the foregoing negligent acts or omissions of Defendant, Plaintiff sustained severe and permanent injuries; Plaintiff was required to seek extensive medical and surgical consultations and treatments; Plaintiff suffered, and will continue to suffer, great pain, anguish, and physical and mental suffering; Plaintiff has expended, and will in the future expend, great sums of money in attempts to be healed and cured of his injuries; Plaintiff has lost income and economic benefits and will continue to do so in the future; and Plaintiff has suffered and will continue to suffer other economic damages.

WHEREFORE, Plaintiff, JOVICA PILIPOVIC, prays for judgment against Defendant, PILOT TRAVEL CENTERS LLC, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate him for his injuries, losses, and damages as hereinabove alleged.

<u>JURY DEMAND</u>

Plaintiff hereby demands trial by jury on all issues herein.

Respectfully submitted,
JOVICA PILIPOVIC

By: <u>/s/ Michael A. Faccenda</u>
　　　One of His Attorneys

Michael A. Faccenda, Esq.
901 West Hillgrove Avenue
La Grange, IL 60525
Phone: 708-497-3077
Email: maf@connorsfaccenda.com
ARDC No. 6239317

By: <u>/s/ Christopher P. Connors</u>
　　　One of His Attorneys

Christopher P. Connors, Esq.
901 West Hillgrove Avenue
La Grange, IL 60525
Phone: 312-994-2411
Email: cpc@connorsfaccenda.com
ARDC No. 6269559